UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EARL SCHMIT | CIVIL ACTION |
| VERSUS | NO: 07-5052 |
| STATE FARM FIRE & CASUALTY COMPANY | SECTION: "A" (2) |

### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 5)** filed by plaintiff Earl Schmit, pro se.  Defendant State Farm Fire and Casualty Co. opposes the motion.  The motion, set for hearing on October 31, 2007, is before the Court on the briefs without oral argument.  For the reasons that follow the motion is **DENIED**.

### I.     BACKGROUND

Earl Schmit ("Plaintiff") initiated this suit in state court against State Farm.  Plaintiff alleges that his property located in New Orleans, Louisiana sustained severe damage during Hurricane Katrina.  (Pet. ¶ 3).  Plaintiff alleges that State Farm has engaged in deceitful and unfair conduct in failing to honor its obligations under the insurance policy covering the property. (Pet. ¶ XII). Plaintiff seeks full compensation for his damages in addition to damages and attorney's fees pursuant to Louisiana's Unfair Trade Practices and Consumer Protection Law, La. R.S. § 51:1404, <u>et seq.</u>  (Pet. ¶ 6).  Plaintiff has also invoked Louisiana's Valued Policy Law.  (Pet. ¶ 7). Plaintiff is a citizen

of Louisiana and State Farm is a citizen of Illinois.  (Ntc. Rem. ¶ 4).

State Farm removed the suit alleging jurisdiction under 28 U.S.C. § 1332(a)(1), diversity jurisdiction.[1]  Plaintiff moves to remand the case to state court arguing that the amount in controversy does not exceed $75,000.

**II. DISCUSSION**

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper.  In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991).  In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law.  Id.  Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand.  Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

In Luckett v. Delta Airlines, Inc., the Fifth Circuit

---

[1] State Farm also removed based on the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").  The MMTJA does not provide a basis for State Farm to remove this suit.  See Berry v. Allstate, No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); Case v. ANPAC La. Ins. Co., No. 06-7390, Rec. Doc. 20, Dec. 11, 2006 (Duval, J.).

2

summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed.  171 F.3d 295, 298 (5th Cir. 1999).  In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  Id. (citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)).  As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

Id. (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

Plaintiff's policy has a dwelling limit of $178,416 with a personal property limit in excess of $124,891.  A total of $50,469.63 has been paid to date.  (Ntc. Rem. ¶ 8).  Plaintiff has invoked Louisiana's VPL to seek his full policy limits and claims that his property was a total loss.  (Pet. ¶ 7).  It is facially apparent from the petition that the amount in controversy exceeds $75,000.

Plaintiff's contention that remand is appropriate due to his

willingness to stipulate to a lower jurisdictional amount or to renounce allegations made in the petition is incorrect.  The law is well-settled that the jurisdictional facts that support removal are to be judged as of the time of removal and post-removal affidavits and amendments cannot divest the court of jurisdiction once it attaches.  See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).  Thus, Plaintiff's willingness to stipulate as to damages is not a basis for the Court to remand this case.

In order to avoid federal jurisdiction, a state court plaintiff  must file with his petition a *binding* and irrevocable stipulation renouncing the right to collect any judgment in excess of $75,000.  Davis v. State Farm Fire & Cas. Co., 2006 WL 1581272, at * 2 (E.D. La. June 07, 2006 (Vance, J.) (citing DeAquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995)).  Such a binding stipulation is especially crucial in Louisiana where plaintiffs are not limited to the recovery requested in their pleadings and in a case such as this where the factual claims clearly satisfy the jurisdictional amount.  Plaintiff did not file such a stipulation with his petition.  Therefore, if he wants to return to state court based on his post-removal stipulation he must obtain State Farm's consent to do so.

In sum, State Farm has met its burden of establishing that the amount in controversy at the time of removal exceeded $75,000.00.

Plaintiff is a citizen of Louisiana and State Farm is a citizen of Illinois.  The case was properly removed.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 5)** filed by plaintiff Earl Schmit is **DENIED**.

October 29, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE