UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EARL SCHMIT | CIVIL ACTION |
| VERSUS | NO. 07-5052 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "A" (2) |

### FINDINGS AND RECOMMENDATION

The presiding district judge referred to me, Record Doc. Nos. 16, 20, for an evidentiary hearing, if necessary, and for findings and recommendation (1) Defendant's Motion to Enforce Settlement and for Attorney's Fees and Costs, Record Doc. No. 13, and (2) Plaintiff's Motion to Reopen Case. Record Doc. No. 17. Having considered the record, the submissions of the parties and the applicable law, and for the following reasons, I find that an evidentiary hearing is not necessary, that defendant's motion should be DENIED and that plaintiff's motion should be GRANTED.

Defendant, State Farm Fire and Casualty Company, moves to enforce an oral settlement agreement to which it contends the parties agreed during a meeting between the pro se plaintiff, Earl Schmit, and State Farm's representative, Michael Frazer, on January 31, 2008. Defendant supports its motion with Frazer's affidavit, which states that he met in person with Schmit on that date, "we discussed the issues and reached an

amicable agreement that State Farm would pay $25,000 to Earl and Deborah Schmit in exchange for a full and final release of all outstanding claims in" the instant case. Defendant's Exh. A, at ¶ 4.

Plaintiff, in his affidavit attached to his memorandum in opposition to defendant's motion, admits that the parties met on January 31, 2008. However, he states that, "[w]hile some issues were resolved at that time, the parties to the litigation did not reach a settlement agreement for the payment of an amount certain as a full and final settlement of the captioned matter. Several outstanding issues were not resolved." Record Doc. No. 23, affidavit at ¶ 2.

On February 1, 2008, State Farm (but not plaintiff) notified the court that a settlement had been reached and the District Judge entered an order of dismissal, which retained jurisdiction to enforce the settlement upon motion of any party filed within 60 days. Record Doc. No. 12. When Schmit refused to sign a written settlement agreement that State Farm subsequently sent to him, the parties filed the instant motions.

Louisiana substantive law controls in this action, based on diversity jurisdiction, involving the interpretation of an insurance policy issued in Louisiana for property located in Louisiana. In re Katrina Canal Breaches Litig., 495 F.3d 191, 206 (5th Cir.

2

2007) (citing Erie R Co. v. Tompkins, 304 U.S. 64, 78 (1938)) (additional citations omitted).

Under Louisiana law, oral settlement agreements are not enforceable in the circumstances presented by this case.

> Settlement agreements are also known as "compromise" agreements. In 2007, the Legislature amended and reenacted the Louisiana Civil Code articles relative to compromise to be comprised of LSA-C.C. arts. 3071-3078. Although the articles are new, they were not intended to change the law, but to merely reproduce the substance of the former articles and to clarify and reflect principles contained in the former articles and jurisprudence. The pertinent code articles for our analysis of the settlement agreement at issue here are LSA-C.C. arts. 3071 [and] 3072 . . . .
> Louisiana Civil Code article 3071 provides: "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." Louisiana Civil Code article 3072 provides: "A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." . . . .
> According to the cited civil code articles and jurisprudence, for a settlement agreement to be valid and enforceable, it must either be recited in open court and capable of being transcribed from the record of the proceeding or be in writing and signed by the parties or their agents.

City of Baton Rouge v. Douglas, No. 2007 CA 1153, 2008 WL 399305, at *2 (La. App. 1st Cir. 2008) (citing Sullivan v. Sullivan, 671 So. 2d 315, 317-18 (La. 1996); Trask v. Lewis, 258 So. 2d 603, 605 (La. App. 1st Cir. 1972); Acts 2007, No. 138, § 1; 2007

Official Revision Comments, La. Civ. Code arts. 3071-3078)) (emphasis by appellate court deleted) (emphasis added); accord Trahan v. Coca Cola Bottling Co., 894 So.2d 1096, 1104 (La. 2005) (citing former La. Civ. Code art. 3071; amended and reenacted as La. Civ. Code arts. 3071 and 3072); Klebanoff v. Haberle, No. 43,102-CA, 2008 WL 725106, at *3 (La. App. 2d Cir. Mar. 19, 2008) (citing former La. Civ. Code art. 3071).[1]

No evidence has been submitted to establish that the alleged $25,000 settlement was reduced to writing or recited in open court.  In fact, Exhibit 5 to plaintiff's opposition indicates that negotiations between the parties at a settlement amount above $25,000 were ongoing after the January 31, 2008 date on which defendant asserts an oral agreement was reached.  None of the cases that State Farm cites in its memorandum involved an oral settlement agreement that was not evidenced by a writing (or writings) confirming the essential terms of the agreement.  Because the undisputed facts in this case establish that the alleged oral settlement agreement was neither recited in open court nor reduced to writing, it is neither valid nor enforceable under Louisiana law.

---

[1] The amended articles went into effect on August 15, 2007. Id. at *3 n.2.

**RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that Defendant's Motion to Enforce Settlement and for Attorney's Fees and Costs , Record Doc. No. 13, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Reopen Case, Record Doc. No. 17, be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 17th day of April, 2008.

CLERK TO NOTIFY:
HON. JAY C. ZAINEY

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

5